**754**

Charles GURULE, in behalf of himself and all others similarly situated, Plaintiffs-Appellees, and Cross-Appellants,

v.

Alex WILSON, Warden, Colorado State Penitentiary; Jack Capelli, Associate Warden, Medium Security, Colorado State Penitentiary; Five Unknown Named Guards of Medium Security, Colorado State Penitentiary, Defendants-Appellants, and Cross-Appellees.

Nos. 78–2056, 78–2057.

United States Court of Appeals, Tenth Circuit.

Feb. 13, 1981.

Jonathon B. Chase, Boulder, Colo., Barbara Salomon, Denver, Colo., and The American Civil Liberties Union Foundation of Colorado, Inc., for plaintiffs-appellees and cross-appellants.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., William Morris, Asst. Atty. Gen., Litigation Section, and Mary J. Mullarkey, Sol. Gen., Denver, Colo., for defendants-appellants and cross-appellees.

Before SETH, Chief Judge, SEYMOUR, Circuit Judge, and MARKEY,* Judge.

PER CURIAM.

On consideration of the defendant's petition for rehearing with a suggestion for rehearing en banc, we believe a clarification of one part of our opinion is in order. We stated that in awarding attorneys fees to the prevailing party under 42 U.S.C. § 1988, it is inappropriate to proportionately reduce the fee for every lost motion where the party prevails overall on the main issue in the case. It was not our intention to suggest that a court may never proportionately reduce a requested attorneys fee for time spent on *substantial separate* issues which a plaintiff raises but on which he does not prevail. In any event, we need not decide that issue because in this case, the plaintiffs' action was directed solely at one effort, to force the defendant prison officials to afford due process before adversely affecting the prisoners' conditions of confinement. The only issue that might arguably be separable for the purpose of awarding attorneys fees was the class certification matter. Since we held on appeal that the trial court's original order certifying the

* Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

class must be reinstated, any proportionate fee reduction the court may have made with respect to that issue was error.

As thus clarified, the opinion previously entered is reaffirmed.